**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PRENTISS CARADINE, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-969-RHH |
| ) | |
| ST. LOUIS COUNTY COURTS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Prentiss Caradine, II for leave to commence this civil action without prepayment of the required filing fee. ECF No. 7. For the reasons explained below, the Court will grant the motion to proceed *in forma pauperis*, assess an initial partial filing fee of $1.00, and dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Despite the Court's Order directing plaintiff to submit his inmate account statement, *see* ECF No. 4, he has not done so. Plaintiff represents, however, that he has no income and $0.00 in his account. *See* ECF No. 7. Due to plaintiff's financial representations in his application, the Court will grant his motion for *in forma pauperis* status. Plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

2

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint and Amended Complaint**

Plaintiff initiated this action on July 15, 2024 by filing a two-page handwritten letter indicating his intent to allege claims pursuant to 42 U.S.C. § 1983 against the "St. Louis County Courts and Prosecuting Attorney's Office" for "over 13 Constitutional and Civil Rights" violations. ECF No. 1. On July 17, 2024, the Court directed plaintiff to resubmit his allegations on a proper Prisoner Civil Rights Complaint form. ECF No. 4. Plaintiff timely complied.

The amended complaint names five defendants: (1) the St. Louis County Courts; (2) the St. Louis County Prosecuting Attorney's Office; (3) Associate Circuit Judge Amanda McNelley; (4) Attorney Karen Pittman Pace, a "special contempt attorney" with the St. Louis Prosecuting

3

Attorney's Office; and (5) Circuit Court Clerk Joan M. Gilmer. ECF No. 5 at 2-4. Plaintiff indicates he is bringing this action against all defendants in their official and individual capacities. *Id.*

In the section of the form complaint to assert his statement of claim, plaintiff writes that on September 1, 2022 he "was convicted before judicial process was taken." *Id.* at 4. Plaintiff alleges defendants "violated the judicial system method of practice" by "excluding [him] in the process and fabricated evidence." *Id.* He describes his injuries as "financial, emotional, [and] depression." *Id.* For relief, he seeks "29,000,000 million for every violation + 200,000 every month [he was] imprisoned illegally[.]" *Id.* at 5. Plaintiff does not seek injunctive relief, nor does he request this Court to review or vacate the state court's decisions.[1]

Attached to his form complaint are letters and/or motions he has submitted or intends to submit to the state circuit court regarding his requests for the case against him to be dismissed or the judge to be disqualified. ECF No. 5-1. The attachments also include a handwritten document titled, "Writ of Habeas Corpus in the State of Missouri." *Id.*

Plaintiff appears to be challenging Case No. 22SL-PN02178 from the Family Court of St. Louis County Missouri.[2] Within this matter, an Adult Order of Protection was issued against him, preventing him from having any contact with the petitioner, among other restrictions. Plaintiff was subsequently found to have violated the Order of Protection after he was reported to have broken into the petitioner's home, attempted to sexually assault her, and damaged the windshield and

---

[1] The Court does not have jurisdiction to act as an appellate court for state court decisions. *See Kvalvog v. Park Christian School*, Inc., 66 F.4th 1147, 1152 (8th Cir. 2023) (explaining "that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments").

[2] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

sunroof of her vehicle. It appears from the underlying state court record that plaintiff did not appear to his criminal contempt hearing despite being provided with notice. During the hearing, Judge McNelley appointed defendant Pace as the contempt attorney, and plaintiff was found to be in criminal contempt of the Order of Protection. Consequently, plaintiff was sentenced to 12 months imprisonment with the St. Louis County Department of Justice Services. Plaintiff later filed a motion to set aside the judgment, which was denied.

## Discussion

Having carefully reviewed the complaint, the Court concludes plaintiff's claims must be dismissed against all defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Defendant St. Louis County Courts

Plaintiff's claim against the "St. Louis County Courts" must be dismissed because it is barred by the Eleventh Amendment. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (explaining that "state courts as entities are not vulnerable to a [42 U.S.C.] § 1983 suit because they are protected by immunity under the eleventh amendment"); and *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (same). Eleventh Amendment immunity extends to claims for both money damages and injunctive relief. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). Therefore, plaintiff's claim against the state family court that rendered an adverse judgment against him must be dismissed.

**B. Defendant St. Louis County Prosecuting Attorney's Office**

Plaintiff's claim against the "St. Louis County Prosecuting Attorney's Office must be dismissed because is not a legal entity capable of being sued under § 1983. This Court has held that a county prosecutor's office does not have the capacity to be sued under Missouri law. *See Kaminsky v. Missouri*, No. 4:07-CV-1213 JCH, 2007 WL 2956404, *3 (Oct. 5, 2007) ("The [St. Louis County] Prosecutor's Office only has the power to sue and defend the County.[ ] It has no power to sue or be sued on its own behalf.").

**C. Official Capacity Claims Against Defendants Judge McNelley, Pace, and Gilmer**

Defendants Judge McNelley, Pace, and Gilmer are alleged to be employed by St. Louis County. *See* ECF No. 5 at 3. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on his official capacity claims, plaintiff must establish the liability of St. Louis County, the governmental employer, for the alleged conduct. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).

A local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, plaintiff points to no municipal policy, custom, or deliberate indifference in failing to train or supervise its employees. *See Ulrich v. Pope Cnty.*,

6

715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

To the extent that plaintiff seeks to hold St. Louis County liable simply because of the actions of defendants Judge McNelley, Pace, and Gilmer, the Court notes the county cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality . . . cannot be liable on a respondeat superior theory.").

For these reasons, plaintiff has failed to state a claim against St. Louis County. Therefore, the official capacity claims against defendants Judge McNelley, Pace, and Gilmer will be dismissed.

### D.  Defendant Judge Amanda McNelley

Plaintiff's individual capacity claim against Judge McNelley must be dismissed because she is entitled to immunity. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti*, *Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his

immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from 42 U.S.C. § 1983 actions bar a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 76 ("to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge"). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, there is no indication that Judge McNelley took a non-judicial action or acted in the complete absence of jurisdiction. To the contrary, the facts provided by plaintiff indicate Judge McNelley was acting in her judicial capacity when she found him in contempt of the Order of Protection, and that her actions – such as the rulings that plaintiff believes erroneous – were of the type normally performed by judges in state family court. Judicial immunity bars plaintiff's suit in such an instance, even if the judges' rulings were wrong. Therefore, plaintiff's claims against Judge McNelley must be dismissed.

### E.  Claims against Defendant Attorney Pace and Defendant Court Clerk Gilmer

Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 against either defendant Pace or Court Clerk Gilmer because the complaint merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his constitutional rights. Plaintiff fails to allege any facts that show how they are causally linked to, and directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). As a result, the complaint fails to state a claim upon which relief may be granted. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

The attachments to the complaint appear to show that plaintiff filed documents with defendant Gilmer as she is the Court Clerk who accepts filings; however, that appears to be her only involvement with this matter. Further, plaintiff's claim that defendants "fabricated evidence" and excluded him from the process has no factual basis. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement").

As to defendant Pace, plaintiff's claims against her presumably concern her role as the appointed contempt attorney who charged him with the Order of Protection violation. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424

U.S. 409, 427-31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). In addition, "a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018). As such, Defendant Pace is protected by absolute immunity as there is no indication that she acted as anything other than an advocate for the State of Missouri.

For all of the reasons stated above, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## Motion to Appoint Counsel

Plaintiff filed a motion for appointment of counsel. ECF No. 6. This request will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 6] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

11